■ JANELLE MONACO, Respondent, v EUGENE A. GUIDO, Individually and Doing Business as GRAY LINE OF NIAGARA FALLS and NIAGARA FALLS SIGHTSEEING BY SHERIDAN, INC., Appellant.—Order insofar as appealed from unanimously reversed on the law with costs and defendants' motion granted, in accordance with the following memorandum: Plaintiff's first cause of action for breach of contract of employment should have been dismissed for failure to state a cause of action. It is clear from defendant's submissions in support of his motion to dismiss, primarily plaintiff's letters to defendant seeking to be rehired, that plaintiff did not have a contractual relationship with defendant at the time she was allegedly discharged from employment. Second, assuming, arguendo, that plaintiff was employed by defendant, plaintiff fails to allege any express

limitation on defendant's right to discharge *(see, Sabetay v Sterling Drug,* 69 NY2d 329, 336). In the circumstances of this case, plaintiff's claim must be read as alleging a breach of promise to rehire her seasonally. However, plaintiff has failed to allege an express agreement by defendant to rehire her and an implied agreement may not be inferred on these facts. (Appeal from order of Supreme Court, Niagara County, Koshian, J.—dismiss cause of action.) Present—Dillon, P. J., Denman, Boomer, Pine and Balio, JJ.